**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TONIA SCOTT,** | : |
| | : |
| **Plaintiff** | : CIVIL ACTION NO. 3:16-0338 |
| | : |
| v. | : |
| | : (JUDGE MANNION) |
| **JOHN COX, et al.,** | : |
| | : |
| **Defendants** | : |

**M E M O R A N D U M**

Pending before the court is one of several recent complaints filed by *pro se* plaintiff Tonia Scott seeking to charge defendant Turkey Hill L.P. in Conestoga, PA, for use of the land it occupies claiming that she is an original owner of the land based on her American Indian heritage. (Doc. 1). For the following reasons, the complaint will be **DISMISSED WITH PREJUDICE** for failure to state a cause of action and for lack of subject matter jurisdiction. Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), will be **GRANTED**.[1]

**I.   BACKGROUND**

On February 24, 2016, plaintiff Scott, a resident of Bushkill, Pennsylvania, filed several complaints including the instant one against John

---

[1] Plaintiff Scott indicates in her *in forma pauperis* motion that she owns her home located at 4110 Winchester Way, Bushkill, PA, but she does not state the value of her home and whether she has a mortgage. Nonetheless, in the court's discretion, plaintiff's *in forma pauperis* motion will be granted for present purposes only.

Cox, President of Turkey Hill.[2] Plaintiff indicates that this court has federal question jurisdiction over her action pursuant 28 U.S.C. §1331.

Specifically, plaintiff alleges:

> On January 27, 2016, [she] contacted defendant, Turkey Hill LP customer service center and was informed to fax her legal notification to [] [to] the attention of Turkey Hill's representative, Christie. [Her] notification detailed that she had wished to be financially compensated as an owner of the land that the defendant had failed to compensate for usage. Thus in accordance to the below treaties with the United States Corporation and since defendant, Turkey Hill company is a sub-corporation of the United States. Corporate obligations were/are unilateral.

Plaintiff contends that since she is an "Aboriginal/Indigenous American Indian" and an "heir of the North American continent" she is an original owner of the land where the Turkey Hill company is located. She states that since the company would not agree to pay her to use the land and since the company is a subsidiary of the United States bound by its treaties recognizing the rights of indigenous peoples, she had to file this action to exercise her traditional ownership authority over the land which the company occupies and to demand the company to pay her to use it. Plaintiff states that the legislatures were divested of their powers over "the cultural rights of

---

[2] In many of her complaints, plaintiff repeats identical statements pertaining to her interpretations of various treaties, declarations and United Nation resolutions regarding the rights of indigenous peoples and the requirement of the United States to protect these rights. Plaintiff attempts to use these documents to justify her demands for payment from private companies located on land she claims traditionally belonged to "Aboriginal American Indian peoples."

Indigenous and Aboriginal American Indian people" and that no laws can be made which "effect the rights of indigenous people to fully and effectively enjoy their right to self-determination."

As relief, plaintiff requests the court to order defendant Cox to pay her $3500 per month for land rental expenses.

**II. DISCUSSION**

To date, plaintiff's complaint has not been served on defendants and no response to her complaint is due by the defendants at this time. In cases where the plaintiff has *in forma pauperis* status, Section 1915 of the United States Code, 28 U.S.C. §1915, requires the court to dismiss a plaintiff's case if, at any time, the court determines that the action is, "frivolous or malicious" or "fails to state a claim on which relief may be granted." §1915(e)(2)(B). *See* McCain v. Episcopal Hosp., 350 Fed.Appx. 602, 604 (3d Cir. 2009) (Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners); Grayson v. Mayview State Hosp., 293 F3d 103, 110 n. 10 (3d Cir. 2002). For the reasons stated below, the plaintiff's case is both frivolous and fails to state a claim upon which relief can be granted, and therefore, the case must be dismissed.

An action is frivolous where "the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." Deutsch v. United States, 67 F.3d 1080, 1082 (3d Cir. 1995). A

complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) and (2). Even though courts are more deferential and liberally construe pleadings of *pro se* litigants, the plaintiff must still comply with the pleading standards set forth in the Federal Rules of Civil Procedure. *See* Frazier v. Southeastern Penn. Transp. Auth., 785 F.2d 65, 67 n. 3 (3d Cir. 1986); Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). As such, a complaint must include factual allegations to support the legal claims asserted. Id. at 1949, 1953.

    Plaintiff's complaint provides neither understandable factual allegations nor the grounds on which the claims rest. It does not put defendants on fair notice of any cognizable claims against them and the factual basis for any claims. The complaint is not comprehensible, a circumstance which justifies dismissal under Rule 8. *See* Roy v. Supreme Court of U.S., 484 Fed.App'x 700, 700 (3d Cir. 2012).

    While the incomprehensibility of the complaint is alone sufficient to justify dismissal, the court can dismiss a complaint that is completely devoid

of merit and plainly frivolous for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). *See* DeGrazia v. F.B.I., 316 Fed.Appx. 172, 173 (3d Cir. 2009); Smith v. Laster,787 F.Supp.2d 315, 318-19 (D. Del. 2011) (citing Hagans v. Lavine, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (sua sponte dismissal under Rule 12(b)(1) is proper when allegations "are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.")).

Moreover, in Delaware Nation v. Pennsylvania, 446 F.3d 410, 416-17 (3d Cir. 2006), the Third Circuit stated:

> the manner, method, and time of the sovereign's extinguishment of aboriginal title raise political, not justiciable, issues. United States v. Santa Fe Pac. R.R. Co., 314 U.S. 339, 347, 62 S.Ct. 248, 86 L.Ed. 260 (1941). "[W]hether (extinguishment) be done by treaty, by the sword, by purchase, by the exercise of complete dominion adverse to the right of occupancy, or otherwise, its justness is not open to inquiry in the courts." Id. (emphasis added); United States v. Alcea Band of Tillamooks, 329 U.S. 40, 46, 67 S.Ct. 167, 91 L.Ed. 29 (1946) (noting that the sovereign "possessed exclusive power to extinguish the right of occupancy at will.").

As such, "the manner in which the sovereign executes a purchase or a treaty with an Indian entity" is a "nonjusticiable" issue. Id. at 417 n. 10. Thus, plaintiff has failed to state a judicially determinable issue regarding her claim of aboriginal title to defendants' land.

Finally, it is true that generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.,*

Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). Here, it is clear that granting plaintiff leave to amend her complaint would be futile in light of the incomprehensibility of the complaint and since it is "no longer open to discussion" that plaintiff's complaint is "obviously frivolous."

### III.   CONCLUSION

For the above reasons, plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to §1915(e)(2)(B)(i)(ii). Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), is **GRANTED**. The Clerk is directed to close the case. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 4, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0338-01.wpd